DANIS MONTCO LANDFILL COMPANY, Appellee,

v.

JEFFERSON TOWNSHIP ZONING COMMISSION et al., Appellants.

[Cite as *Danis Montco Landfill Co. v. Jefferson Twp. Zoning Comm.* (1993), 85 Ohio App.3d 494.]

Court of Appeals of Ohio,
Montgomery County.

No. 13423.

Decided March 29, 1993.

*Gregory W. Kirstein* and *Charles A. McKinney,* for appellee.

*Robert J. Surdyk,* for appellants.

---

FREDERICK N. YOUNG, Judge.

This appeal arises from a case in which Danis Montco Landfill Company ("appellee") brought suit against the Jefferson Township Zoning Commission and the Jefferson Township Board of Trustees ("appellants"), for violations of R.C. 121.22, Ohio's "Sunshine Law." The trial court referred the case to a referee who based his report and recommendations on the parties' stipulated facts and their cross-motions for summary judgment filed on October 22, 1991.

After reviewing the referee's report and appellants' objections to it, the trial court, among other things, ordered both appellants to pay a $100 civil forfeiture fine. Further, it declared the seventeen zoning amendments passed by the appellant board of trustees on February 5, 1991 invalid due to the violations of both R.C. 121.22 (the "Sunshine Law") and 519.12 (procedure for amending zoning resolutions). On May 8, 1992, the appellants filed a timely notice of appeal to the trial court's decision and entry of judgment.

In their brief, filed on July 29, 1992, appellants presented two assignments of error:

"1. The trial court erred in assessing the $100.00 civil forfeiture fine on the Board of Trustees of Jefferson Township, Montgomery County, Ohio for violation of Section 121.22 of the Ohio Revised Code.

"2. The lower court erred in finding that the board of trustees could not 'cure' or enact amendments to the zoning resolution on their own (board of township trustees') initiative."

On August 18, 1992, the appellant board of trustees adopted a new zoning resolution which repealed the seventeen zoning amendments that the trial court had ruled invalid. This new zoning resolution became effective September 17, 1992.

On August 18, 1992, appellee filed a motion asking this court to dismiss appellants' second assignment of error as frivolous and moot since the zoning resolutions the appellants were defending in that assignment had been repealed by the appellants, and to issue an order granting appellee reasonable attorney fees and costs pursuant to App.R. 23. Appellants moved to strike appellee's motion and both parties filed extensive memoranda in support of their respective motions. On September 18, 1993, this court denied both motions but without prejudice to a later ruling on the issues raised by the motions when the appeal became ripe for disposition on the merits.

On November 16, 1992, appellee filed a "Motion to Supplement Record in Support of Appellee's Pending Motion to Dismiss Assignments of Error No. Two as Frivolous and Moot." On November 25, 1992, the appellants filed a "reply" in which they admitted that the new zoning ordinance repealed all prior zoning regulations and maps for their township and advised this court that:

"Appellants no longer seek as a part of their relief the resurrection of any previous zoning ordinance. However, Appellants still seek to have this Court consider their appeal, rescind the fines in question and restore the good names of Appellants by validating their actions in passing the amendments in question."

The appellee then responded with its own reply brief on December 8, 1992.

Because of this continuing activity by the parties, this court deemed it advisable to revisit the matter and, accordingly, on January 12, 1993, it issued a decision and entry reiterating that it would defer ruling on both the frivolousness and mootness issues until it had the opportunity to examine the case on the merits. In that entry, it reminded the parties that a frivolous appeal is one which essentially presents no reasonable question for review, *Talbot v. Fountas* (1984), 16 Ohio App.3d 226, 16 OBR 242, 475 N.E.2d 187, and therefore the issue cannot be determined until the court reviews the merits of this appeal.

On March 16, 1993, the appellants filed a motion with this court requesting permission to dismiss their appeal pursuant to App.R. 28. They volunteered to pay the $200 fine and all court costs to date if their appeal was dismissed. This court responded on March 17, 1993, by deferring ruling on appellants' motion to dismiss, as well as, once again, appellee's motion for attorney fees and costs, until it considered the merits of the case.

Now we come to consider the merits.

## I

Appellants have moved to dismiss their appeal pursuant to App.R. 28 which states in pertinent part:

"An appeal may be dismissed on motion of the appellant upon such terms as may be fixed by the court."

"Appellate Rule 28 derives from Rule 42 of the Federal Rules of Appellate Procedure." Koykka, Ohio Appellate Process (1972) 138.

In *Shellman v. United States Lines, Inc.* (C.A.9, 1975), 528 F.2d 675, 678, the court discussed Fed.R.App.P. 42:

"Rule 42(b) provides that the court *may* dismiss an appeal on appellant's motion. * * * Such language indicates that the court has discretion in deciding whether to dismiss an appeal on appellant's motion under Rule 42(b).

"Thus, circumstances may arise which demand, in the interests of justice, that this court deny appellant's motion to voluntarily dismiss."

We find this principle to be applicable to App.R. 28.

As stated before, appellees have filed a motion asking us to dismiss appellants' appeal as frivolous and moot and to award them reasonable attorney fees and expenses pursuant to App.R. 23, which states, "if a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs."

This court has held that "a frivolous case [under App.R. 23] must essentially present no reasonable question for review." *Clinard v. McCoury* (Feb. 3, 1988), Montgomery App. No. 10523, unreported, 1988 WL 12032 (citing *Talbot v. Fountas, supra*).

*Talbot, supra,* holds that in order for a court to find that no reasonable question was presented for review it must first consider the merits of the appeal. See, also, *Parks v. Baltimore & Ohio RR.* (1991), 77 Ohio App.3d 426, 602 N.E.2d 674. But, see, *In re Estate of Hollingsworth* (1989), 58 Ohio App.3d 14, 567 N.E.2d 1322 (order appealed from was not a final appealable order; sanctions were assessed under App.R. 23 on the grounds that the appeal was insufficient on its face.)

Therefore, in order for us to determine if appellants' second assignment of error presents no reasonable question for review and therefore should be subject to sanctions as requested by appellee, we must reach the merits of appellants' appeal. This is one of those cases contemplated by the court in *Shellman v. United States Lines, Inc., supra,* where the "circumstances * * * demand, in the interests of justice, that this court deny appellant's motion to voluntarily dismiss." *Id.,* 528 F.2d at 678. Appellants' motion to dismiss their appeal is denied.

## II

▮ In their first assignment of error, appellants argue that the trial court erred in assessing a $100 civil forfeiture fine against the appellant board of trustees for violating R.C. 121.22, commonly referred to as the "Sunshine Law." The court also fined appellant zoning commission $100, but that ruling is not being contested.

The Sunshine Law requires public officials to conduct their official business in meetings open to the public. In the case at hand, the trial court found "that on at least four different occasions, the Trustees took official action pertaining to [amendments to the township's zoning plan], at least one such action being a closed meeting [held on December 5, 1990] to discuss and deliberate additional proposals to be added to the original twelve amendments voted on by the zoning commission."

Appellants contend however that "[t]he record is devoid of any indication that on December 5, 1990 both Trustees Fritz and Gooding, together at the same time and place, told Zoning Inspector Ellies that the Zoning Commission could make additions and that specifically Trustee Gooding wanted item 13 added which prohibited landfills."

We disagree.

As the trial court stated in its decision and judgment entry of April 9, 1992:

"[Stipulated] Fact #21 states that on December 5, 1990, Trustees Fritz and Gooding indicated to Zoning Inspector Ellies their belief that the Zoning Commission could make additions to its recommendations. Fact #27 states as follows: *Trustee Gooding instructed Zoning Inspector Ellies to add Item 13, which prohibits landfills* .... In addition to the last two facts, the record clearly shows that all three Trustees, Gooding, Fritz, and Sims met with Zoning Inspector Ellies and the four of them *talked about* the different items they thought should be added to the proposed amendments that were voted on at the public meeting of the Zoning Commission in November." (Emphasis *sic.*)

Next, appellants contend that, assuming *arguendo* that both Trustees Fritz and Gooding did meet together at the same time and place, "[t]here was no decision made by those Trustees other than to indicate to the Zoning Inspector that the Zoning Commission could make additions to its recommendations. [Further], the fact that Trustee Gooding alone indicated that the prohibition against landfills should be added does not project into a private session in which the Board of Trustees made a collective decision to prohibit landfills."

However, R.C. 121.22 does not limit its prohibitions against conducting public business in closed meetings to the actual *decisions* of public bodies. Rather, R.C. 121.22(H) states that "[a] resolution, rule or formal action adopted in an open meeting that results from *deliberations* in a meeting not open to the public is invalid unless [one of the listed exceptions in Division (G) applies, none of which is relevant or claimed here]." (Emphasis added.)

As the Supreme Court held in *Matheny v. Bd. of Edn.* (1980), 62 Ohio St.2d 362, 365, 16 O.O.3d 411, 412–413, 405 N.E.2d 1041, 1044:

"The 1975 amendment to R.C. 121.22 was intended to expand public access to the operation of state and local governmental entities. The major thrust of this amendment was to require that not only formal actions of public bodies, but also the deliberations preceding those actions, take place in sessions open to the public."

Appellants also argue that there is no evidence that the appellant board of trustees held a "meeting" as that term is defined in R.C. 121.22(B)(2). That section defines "meeting" as "any pre-arranged discussion of the public business of the public body by a majority of its members." We find that this argument is refuted by the trial court's discussion of stipulated facts numbers 21 and 27 and Trustee Sims's deposition.

In conclusion, we hold that the trial court did not err when it imposed on the appellant board of trustees a $100 civil forfeiture fine for violating R.C. 121.22. Therefore, appellants' first assignment of error is overruled.

### III

In their second assignment of error the appellants claim that:

"The lower court erred in finding that the board of trustees could not 'cure' or enact amendments to the zoning resolution on their own (board of township trustees') initiative."

Appellee argues that this assignment of error is now moot due to the fact that the seventeen zoning amendments that appellants sought to have ruled valid by this court have now been repealed and replaced with new zoning amendments as of September 17, 1992. The appellants have conceded that point and have even informed us, as noted earlier, that they were no longer seeking to have this court rule on the validity of the seventeen amendments found to be invalid by the trial court, but appellants still refused to drop their second assignment of error.

■ The appellants made the following arguments as to why their appeal is not moot, or, in the alternative, why this court should decide the appeal even if it is moot as between the immediate parties to the action.

First, they state that the issue of the $100 fine is not a moot issue, nor does their attempt to overturn a small fine amount to a frivolous appeal. We do not disagree with either of these propositions. However, the issue of the $100 fine imposed on the appellant board of trustees was covered in appellants' first assignment of error. No one is claiming that the first assignment of error is moot or frivolous.

It is clear that the sole impetus of appellants' second assignment of error was to provide a rationale for finding that all or at least part of the seventeen zoning amendments were valid enactments. We find nothing in appellants' second assignment of error which even arguably supports appellants' contention that the trial court erred in fining the appellant board of trustees $100.

We find that appellants' second assignment of error was severable from its first assignment of error and could have been dismissed without affecting appellants' arguments contesting the $100 fine. *Cf. Midwest Found. Independent Physician Assn. v. Robert Neff & Sons, Inc.* (Feb. 11, 1991), Muskingum App. No. CA 90–36, unreported, 1991 WL 17186.

Second, appellants claim that this court should decide their second assignment of error in order to clear the reputations of the Trustees and Zoning Commissioners of Jefferson Township, "by proclaiming that their actions were well within the bounds of law."

We reject the appellants' argument that "clearing their names" outweighs the judicial policy of not deciding cases where no actual controversy exists. The appellants in this case were found to have committed procedural errors by the

trial court for which they were soon able to make amends by passing a new zoning resolution for the township.

Further, we note that in the context of criminal cases, where a defendant has voluntarily paid his fine or completed his sentence, the Ohio Supreme Court apparently has rejected the notion that " 'judicial notice can be taken of the "collateral disability" which accompanies the acquisition by an adult of a criminal record, and that such harm is of sufficient magnitude to overcome a charge of mootness.' " *State v. Berndt* (1987), 29 Ohio St.3d 3, 6–7, 29 OBR 173, 176, 504 N.E.2d 712, 715 (Brown, J., dissenting, quoting Justice Herbert's concurrence in *State v. Wilson* [1975], 41 Ohio St.2d 236, 238, 70 O.O.2d 431, 433, 325 N.E.2d 236, 238).

Thus the Supreme Court has apparently ruled that the policy against deciding moot cases is stronger than a criminal defendant's interest in simply "clearing his name." It is clear that a person has a stronger interest in clearing himself of criminal charges than in doing so for procedural violations. We find appellants' argument that we should decide this case in order to protect their reputations to be unconvincing.

Finally, appellants argue that their second assignment of error is not moot because the issues involved here (*i.e.*, whether a public body can "cure" a Sunshine Law violation by holding open meetings subsequent to illegally held closed ones) are matters of great public interest and are "capable of repetition, yet evading review." *State ex rel. Plain Dealer Publishing Co. v. Barnes* (1988), 38 Ohio St.3d 165, 166, 527 N.E.2d 807, 809.

Although the issue of whether a public body can cure a Sunshine Law violation is certainly capable of repetition, we think it is clear that it has not evaded review. See *State ex rel. Delph v. Barr* (1989), 44 Ohio St.3d 77, 81, 541 N.E.2d 59, 63 ("R.C. 121.22(H), however, invalidates any formal action that results from deliberations conducted in private"); see, also, *M.F. Waste Ventures, Inc. v. Bd. of Amanda Twp. Trustees* (Feb. 12, 1988), Allen App. No. 1–87–46, unreported, 1988 WL 17731.

Finally, as to the question of whether the issues raised in appellants' second assignment of error are matters of great public concern (and thus should be decided now even if the issues are moot as to the actual parties), we believe that *State ex rel. Delph, supra,* is controlling with regard to the issue of whether a legislative body can "cure" a violation of R.C. 121.22 or whether it has to start its decision-making process over with regard to what was illegally deliberated or decided in a closed meeting. We find with the trial court that *State ex rel. Delph, supra,* forbids any such "cures" that appellants attempt to claim here. Thus, there is no great issue of public concern for us to decide.

We find that appellants' second assignment of error is moot and that it does not fall into any of the well-known exceptions to the mootness doctrine.

We hold that in as much as appellants' second assignment of error was moot, it presented "no reasonable question for review," and was therefore frivolous under App.R. 23. *Talbot, supra,* 16 Ohio App.3d at 226, 16 OBR at 242, 475 N.E.2d at 188.

Since we believe that appellants' second assignment of error only became moot when the seventeen amendments whose validity was at issue were repealed as of September 17, 1992, we hold that appellees, pursuant to App.R. 28, can collect reasonable attorney fees and expenses incurred after that date in defending against the second assignment of error.

In conclusion, appellants' motion to dismiss their appeal pursuant to App.R. 28 is denied. Appellants' first assignment of error is overruled. Appellants' second assignment of error is moot and is also frivolous within the meaning of that term in App.R. 23. Appellee's motion for reasonable attorney fees and expenses is granted.

We order appellants to pay their $200 in civil forfeiture fines to the clerk of courts of the Montgomery County Court of Common Pleas.

Appellee may file with this court, within fourteen days after entry of judgment, affidavits in support of its claim for reasonable attorney fees and expenses incurred after September 17, 1992 in defending against appellants' second assignment of error. Appellants may submit counter-affidavits within fourteen days after appellee has filed its affidavits. This court will then make a finding of reasonable costs and attorney fees, which will be assessed in favor of appellee against appellants.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FAIN and WOLFF, JJ., concur.