OPINION
This case involves a trespass by an employee of Defendant-Appellee Averitt Express, Inc. ("Averitt") upon the property of Plaintiff-Appellants Frances E. White and G. Clifford Elliott ("Appellants"). On May 6, 1998, Jerry Faggett, an employee of Averitt, was driving a truck owned by Averitt. At approximately two A.M., Faggett, apparently lost, attempted to turn around in the circular gravel driveway of the property owned by Appellants. During this process, he caused damage to an electrical pole and then became stuck, causing damage to the yard. The truck had to be removed by a tow service.
Averitt alleges that it sent an independent appraiser to the home soon after the incident. Likewise, Appellants had the damage appraised by two separate individuals for the electric pole and the landscaping for a total of $2398.40. Appellants claim that Averitt's first offer was $500 for all damages, which was immediately rejected. Eventually, Averitt offered $1500 for the damages caused, which was also declined., Appellants filed suit on October 23, 1998 alleging trespass, requesting actual damages of $2398.40 and an additional $5000 "for the intentional tort of trespass." On May 25, 1999, Averitt moved for summary judgment on behalf of Appellants requesting judgment be awarded for their actual damages. Following an oral hearing on the motion, Averitt filed a supplemental motion for summary judgment requesting the issue of punitive damages be dismissed. Soon after, the trial court sustained partial summary judgment in favor of Averitt on the issue of punitive damages. Later, Appellants obtained leave to file summary judgment based on their actual damages, which was ultimately sustained in the amount of $2398.40., Appellants now appeal the decision of the trial court sustaining summary judgment in favor of Averitt, raising the following assignment of error:
 It was error for the Common Pleas Court to render summary judgment against Plaintiffs-Appellants on the issue of punitive damages.
There appears to be no dispute between the parties that Averitt committed a trespass upon Appellants' property. This is evidenced by Averitt's motion for summary judgment requesting the trial court to award actual damages to Appellants and a clear statement by Averitt admitting liability. The dispute only exists on the issue of punitive damages. Appellants have alleged that the trial court erroneously sustained summary judgment on the issue of punitive damages before actual damages were awarded. They maintain now that actual damages have been awarded, they are entitled to a hearing on punitive damages. We disagree.
An appellate court's review of a summary judgment decision isde novo. Nilavar v. Osborn (1998), 127 Ohio App.3d 1, 10, citingGrafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. In reviewing a summary judgment decision, the appellate court must apply the standard found in Civ. R. 56, the same as a trial court. According to Civ. R. 56, a trial court should grant summary judgment only when the following tripartite test has been satisfied: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66.
The moving party has the burden to establish that there is no genuine issue as to any material fact. Id. This burden can only be met by identifying specific facts in the record which indicate the absence of genuine issues of material fact. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. By establishing that the non-moving party's case lacks the necessary evidence to support its claims, the moving party has successfully discharged its burden. Id. at 289-90.
Once this burden has been met, the non-moving party then has a reciprocal burden as outlined in Civ. R. 56(E), which provides the "adverse party may not rest upon the mere allegations or denials of [the party's] pleadings," but "must set forth specific facts showing that there is a genuine issue for trial." See id.
at 293. Civ. R. 56(E) provides if the non-moving party does not respond or outline specific facts to demonstrate a genuine issue of material fact, then summary judgment is proper. Id.
Appellants have alleged they are entitled to punitive damages based on the intentional tort of trespass and Averitt's bad faith in its failure to settle the claim. Punitive damages are allowed only in tort actions in which there is evidence of fraud, malice or insult. Zoppo v. Homestead Ins. Co. (1994), 71 Ohio St.3d 552,557. Neither fraud nor insult can occur without allegation of some sort of communication that would contain the misrepresentation or insult. Since there was no communication alleged here between the parties at the time of the incident, malice is the only possible means to obtain punitive damages based on the tort of trespass. Actual malice is defined as: "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." Moskovitz v. Mt. Sinai Med. Ctr. (1994),69 Ohio St.3d 638, 652.
As an initial matter, Appellants did not allege fraud, malice or insult in their complaint. They merely requested a "sum in excess of $5,000.00 for the intentional tort of trespass." Additionally, Appellants admitted that no one witnessed this incident other than Faggett, the driver of Averitt's truck. Therefore, it would be impossible for Appellants to have any evidence as to his state of mind at the time the trespass occurred, which is necessary to prove malice. Since Averitt has identified the specific fact in the record that Appellants could have no knowledge of Faggett's state of mind, the burden then shifts to Appellants to demonstrate there is a genuine issue of material fact for trial that could prove he acted with malice as defined above. Appellants have presented no such evidence. Therefore, summary judgment was proper as to punitive damages based on the tort of trespass.
During the oral hearing on Averitt's motion for summary judgment held June 28, 1999, Appellants alleged bad faith by Averitt in failing to settle the claim prior to suit being filed. This was the first time during the course of this action Appellants had both alleged bad faith and specifically requested punitive damages. Averitt maintains that whether it is treated as an insurer (being self-insured) or simply as the defendant, Appellants would not be entitled to punitive damages for its failure to settle.
Even assuming arguendo we can treat Averitt as the insurer in this case, a claim of bad faith cannot be brought against an insurer by a third-party claimant. Pasipanki v. Morton (1990),61 Ohio App.3d 184, 185, citing Hoskins v. Aetna Life Ins. Co.
(1983), 6 Ohio St.3d 272, 275-76. The duty to act in good faith runs only from the insurer to its own insured. Id. Consequently, Appellants, as third-party claimants, cannot bring a bad faith claim against Averitt as an insurer. Moreover, an individual may not assert a claim for punitive damages until he first successfully maintains a cause of action for the underlying claim of bad faith. Moskovitz, supra, at 650. As a result, Appellants cannot recover punitive damages based on a bad faith claim against Averitt as an insurer.
As a final means to claim entitlement to punitive damages, Appellants allege Averitt, as the defendant, acted in bad faith by failing to settle prior to suit being filed. As we previously pointed out, Appellants did not plead malice, fraud or insult in their complaint, nor did they plead bad faith by Averitt. Both a claim for bad faith and malice, fraud or insult must be plead and proven for Appellants to be entitled to punitive damages resulting from bad faith failure to settle. Moskovitz, supra. In their response to Averitt's motion for summary judgment on the issue of punitive damages, Appellants rebuffed Averitt's argument regarding its self-insurance and argued that Averitt should not be allowed to put on its insurer's "hat" to avoid liability for failing to settle. They then stated that this argument deserves no further comment as any further effort would be "over-lawyering." However, Appellants have never, in any pleadings, motions or memoranda, advanced any legal authority demonstrating that Averitt had a duty to Appellants to settle this dispute. It is not "over-lawyering" to point out relevant case law to support an argument. As stated by the trial court, "Plaintiffs' failure to cite any authority creating a duty between the parties is understandable because no such duty exists. In order to make an award of punitive damages, the Court must first find that Plaintiff is entitled to actual or compensatory damages. See Richard v. Hunter (1949), 151 Ohio St. 185, [191]. If there exists no duty, there exists no basis for compensatory damages."
We agree with this statement of the trial court that Averitt had no legal duty to settle this claim with Appellants. With no legal duty, there can be no bad faith in executing the duty. As a result, Appellants are not entitled to compensatory damages for bad faith, and thus cannot claim punitive damages for failure to settle. Moskovitz, supra, at 650.
Based on the foregoing, Appellants have not plead, nor put forth any evidence to meet their reciprocal burden under the summary judgment standard on the issue of punitive damages, and Averitt is entitled to judgment on the issue as a matter of law. Accordingly, the sole assignment of error is overruled. Judgmentaffirmed.
 II
As a final matter, Averitt generally requested an award of fees and costs, claiming Appellants had no good faith basis to bring the appeal. According to App.R. 24(A)(3), Appellee as the prevailing party is entitled to costs incurred on appeal. However, App.R. 23 provides that attorney fees and other expenses may only be awarded if we determine the appeal is frivolous. We have previously held that an appeal is frivolous when it presents "no reasonable question for review." Danis Montco Landfill Co. v.Jefferson Twp. Zoning Comm. (1993), 85 Ohio App.3d 494, 498. We do not find this appeal to be frivolous and therefore deny Averitt's request for costs beyond those permitted under App.R. 24.
FAIN, J., and YOUNG, J., concur.