DECISION AND JOURNAL ENTRY
Appellant Joseph Cardone appeals orders of the Summit County Court of Common Pleas, Domestic Relations Division, that denied his motion for relief from judgment and that imposed statutory interest on property that was to have been delivered to appellee Nancy Cardone under a decree of legal separation. Nancy has also moved for sanctions against Joseph and his counsel under App.R. 23. We affirm in part and reverse in part; Nancy's motion is granted in part.
 I.
This is the third time that this case has come before this court. On December 23, 1996, the trial court entered a decree of legal separation and ordered a division of the Cardones' property. As part of the property division, the trial court found that $320,194 in United States savings bonds purchased by Joseph were marital property and awarded the savings bonds to Nancy. On January 23, 1997, the trial court issued a restraining order that prevented Joseph from gaining access to the savings bonds, which were kept in a safety deposit box with FirstMerit Bank in Cuyahoga Falls, Ohio. When Joseph refused to transfer other assets, the trial court found him in contempt.
Joseph appealed the trial court's separation order and contempt finding to this court. Among the issues raised in that appeal were whether the trial court considered the tax consequences of the award of the savings bonds to Nancy would have on Joseph and whether the trial court had jurisdiction to find him in contempt for failing to transfer the savings bonds. We affirmed the judgment of the trial court in all respects. Cardonev. Cardone (May 6, 1998), Summit App. Nos. 18349/18673, unreported (Cardone I).
During the pendancy of Cardone I, Nancy moved the trial court to order the transfer of the savings bonds and to find Joseph in contempt again. The trial court found him in contempt and ordered that FirstMerit Bank deliver the savings bonds to Nancy on December 10, 1997. Joseph appealed those orders to this court, and we affirmed the trial court in all respects. Cardone v.Cardone (Sept. 2, 1998), Summit App. No. 18873, unreported (Cardone II).
Before this court decided Cardone II, it came to light that some of the savings bonds awarded to Nancy were not found in the safe deposit box. Joseph claimed that they were lost, but the savings bonds had been redeemed for $9,437.38. It was also revealed that Joseph's attorney sent a letter to the United States Treasury Department requesting that the remaining savings bonds not be reissued until the appeals had been resolved. As a result, the savings bonds were not reissued to Nancy until May 6, 1998, the same day that Cardone I was released.
On August 28, 1998, just prior to Cardone II, Joseph moved the trial court for an order, pursuant to R.C. 1343.03(A), imposing statutory interest on a monetary award that Nancy was to have paid him as part of the separation decree but had not yet received from her. Nancy responded and noted that, by extension, statutory interest should be awarded against Joseph on the savings bonds he withheld.
On February 26, 1999, Joseph moved for relief from judgment under Civ.R. 60(B)(5), arguing that the trial court failed to fully consider the tax consequences of the property division with respect to the savings bonds. Nancy responded in opposition.
The trial court ruled on both motions on October 25, 1999. The trial court imposed statutory interest on the monetary award due from Nancy to Joseph. The trial court also imposed statutory interest on the savings bonds that were eventually reissued, in the amount of $310,756.62 from December 23, 1996 (the date of the separation decree) until May 6, 1998 (the date of reissue). The trial court further imposed statutory interest on the remaining $9,437.38 from December 23, 1996, until that amount was paid to Nancy. In a separate order, the trial court denied Joseph's Civ.R. 60(B) motion. Joseph timely appealed to this court, asserting six assignments of error.
 II.
Joseph's first three assignments of error relate to the imposition of statutory interest on the savings bonds. We will address his arguments in turn.
Assignment of Error No. 1
The trial court erred as a matter of law in applying R.C. § 1343.03(A) to order that appellant pay interest at 10% per annum to his former wife, appellee, on U.S. savings bonds (which bear interest at stipulated rates) that had been awarded to appellee pursuant to a property division in a decree of legal separation.
Joseph argues in the first assignment of error that the trial court was without authority to apply statutory interest to the value of the savings bonds. He contends that the savings bonds are not a judgment for the payment of money, exempting them from R.C. 1343.03(A). He further contends that R.C. 1343.01(A) and 1343.02 prohibit the imposition of statutory interest. We disagree.
R.C. 1343.03(A) states:
 In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable * * * upon all judgments, decrees and orders of any judicial tribunal for the payment of money * * *, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.
It has been held that "[a]n order distributing marital assets from one party to another has the force of a money judgment, and the recipient is entitled to interest on any amount due and owing under the order but unpaid." Woloch v. Foster
(1994), 98 Ohio App.3d 806, 812. See, also, Koegel v. Koegel
(1982), 69 Ohio St.2d 355, syllabus.
The savings bonds were awarded to Nancy by the separation decree. No stay of the trial court's judgment was ever obtained. No contract exists between Nancy and Joseph stipulating another rate of interest. Therefore, the bonds were due and payable as of the date of the decree, December 23, 1996, and the trial court did not err by imposing ten percent interest under R.C. 1343.03(A).
Joseph argues that statutory interest should not be applied, based on the exceptions enumerated in R.C. 1343.03(A). R.C.1343.01(A) provides: "The parties to a bond * * * or other instrument of writing for the forbearance or payment of money at any future time, may stipulate therein for the payment of interest upon the amount there of at any rate not exceeding eight per cent per annum payable annually * * *." This statute is not applicable to the case at bar because the parties to the savings bonds are not Nancy and Joseph, but the United States and the named payee (formerly Joseph, now Nancy).
R.C. 1343.02 states: "Upon all judgments, decrees, or orders, rendered on any bond, bill, note, or other instrument of writing containing stipulations for the payment of interest in accordance with section 1343.01 of the Revised Code, interest shall be computed until payment is made at the rate specified in such instrument." Joseph asserts that this section limits Nancy to receiving the interest that is payable by the United States on the savings bonds. However, the trial court's decree was not "rendered on" the savings bonds but instead awarded them as part of a property division.
The trial court's decision to impose statutory interest was not erroneous. Accordingly, the first assignment of error is overruled.
Assignment of Error No. 2
The trial court erred as a matter of law in modifying the Decree of Legal Separation by retroactively ordering appellant to pay interest on United States savings bonds when the decree did not order appellant to pay interest on the bonds.
For his second assignment of error, Joseph contends that the trial court's imposition of statutory interest was an improper retroactive modification of the separation decree. We disagree.
R.C. 3105.171(I) prohibits the retroactive modification of a property division. However, the imposition of statutory interest does not modify the allocation of the Cardones' property. We conclude that the trial court's order did not violate R.C.3105.171(I). The second assignment of error is overruled.
Assignment of Error No. 3
The trial court erred as a matter of law in ordering appellant to pay interest on the United States savings bonds when the trial court had enjoined First Merit Bank [sic] from permitting appellant to gain access to the safe deposit box where the bonds were stored for safekeeping pending an appeal to this Court.
Joseph asserts in his third assignment of error that, assuming the trial court can order him to pay statutory interest on the savings bonds, the interest should have been tolled for the period of time during which he did not have access to the bonds. He contends that he cannot be held responsible for not delivering the savings bonds to Nancy when FirstMerit Bank was enjoined from giving him access to the savings bonds.
The appellant in Woloch v. Foster raised a similar issue. In that case, the court of appeals held that the statutory interest was tolled for a period of time during which the appellant was enjoined from accessing the assets in question. Woloch,98 Ohio App.3d at 812.
In the case at bar, the trial court issued the separation decree awarding the savings bonds to Nancy on December 23, 1996. On January 23, 1997, the trial court enjoined FirstMerit Bank from giving Joseph access to his safe deposit box that held the savings bonds. That order remained in place until December 10, 1997, when FirstMerit Bank was ordered to deliver the savings bonds to Nancy. Thereafter, Joseph's counsel asked the United States Treasury Department to not reissue the savings bonds in Nancy's name, thereby hindering her access to the assets. The bonds were not reissued until May 6, 1998. It was also discovered that over $9,000 of the savings bonds were not in the safe deposit box but were redeemed by Joseph; the value of those bonds has not been paid to Nancy by Joseph.
We find that, as to the $310,756.62 in savings bonds that were eventually reissued in Nancy's name, the statutory interest should have been tolled from January 23, 1997, to December 10, 1997. However, because Joseph continued to hinder Nancy's efforts to have the savings bonds reissued in her name after December 10, 1997, the statutory interest began to accrue again from that date until May 6, 1998. The matter will be remanded for an appropriate modification of the trial court's order.
As for the remaining $9,437.38, which represents the savings bonds that Joseph redeemed, it is apparent that Joseph did have access to those savings bonds after the date of the decree. Accordingly, the trial court's imposition of statutory interest from December 23, 1996, until the money is paid to Nancy, was not error.
The third assignment of error is overruled in part and sustained in part.
 III.
Assignment of Error No. 4
The trial court erred as a matter of law in overruling appellant's Civil Rule 60(B)(5) motion for relief from judgment (relating to appellant's increased federal income tax liability as a result of the trial court's awarding the United States savings bonds and the accrued interest thereon to appellee) on the grounds that appellant did not have a meritorious defense.
Assignment of Error No. 5
The trial court erred as a matter of law in holding that appellant's Civil Rule 60(B)(5) motion was not filed within a reasonable time.
Assignment of Error No. 6
The trial court abused its judicial discretion in failing to consider appellant's Civil Rule 60(B)(5) motion on the issue of the inequality and unfairness of his federal income tax liability resulting from the transfer of the savings bonds from appellant to appellee as compared to appellee's federal income tax liability.
Joseph's last three assignments of error relate to his motion for relief from judgment under Civ.R. 60(B)(5), based on the tax consequences of the savings bonds being awarded to Nancy. We will address them together
To prevail on a Civ.R. 60(B) motion, a party must meet three requirements:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. All three requirements must be met for the motion to be granted. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
The trial court did not abuse its discretion by denying Joseph's motion. The only claim presented involved the tax consequence issue. That issue was resolved by this court inCardone I, supra, at 3-4; no new question is presented. Having no meritorious claim to assert, Joseph was not entitled to relief from judgment. The fourth, fifth, and sixth assignments of error are overruled.
 IV.
Finally, we consider Nancy's motion for sanctions. App.R. 23 states: "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." "A frivolous appeal is one that presents no reasonable question for review."Tessler v. Ayer (1995), 108 Ohio App.3d 47, 57. A court of appeals may impose sanctions under App.R. 23 when a portion of an appeal is frivolous. See Sarossy v. Sarossy (Apr. 20, 1995), Cuyahoga App. No. 67493, unreported, 1995 Ohio App. LEXIS 1627, at *10-*11; Danis Montco Landfill Co. v. Jefferson Twp. Zoning Comm.
(1993), 85 Ohio App.3d 494, 502.
In Cardone II, Nancy moved for sanctions against Joseph and his attorney, John L. Wolfe. We denied her motion but cautioned that "[b]ecause Joseph's attorney raised several issues in this appeal that are moot, his actions come close to sanctionable conduct." Cardone II, supra, at 7. Mr. Wolfe has now crossed that threshold. Joseph's fourth, fifth, and sixth assignments of error seek to relitigate the issue of the tax consequences of the trial court's award of the savings bonds to Nancy. That question has been definitively resolved by this court previously, and no reasonable grounds exist for raising those questions anew.
Nancy's attorney seeks $2,500 in attorney fees and $10 in costs not already authorized by App.R. 24(B). The motion is accompanied by an affidavit of time spent in pursuit of the appeal and motion for sanctions. Joseph has responded to Nancy's motion. We find that the fourth, fifth, and sixth assignments of error are frivolous. This court orders that Mr. Wolfe be liable to Nancy Cardone for attorney fees in the amount of $1,250 and for additional costs in the amount of $10.
 V.
Joseph's third assignment of error is overruled in part and sustained in part. His remaining assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion. Furthermore, John L. Wolfe shall pay $1,260 to Nancy Cardone as a sanction for a frivolous appeal under App.R. 23.
Judgment accordingly.
The Court finds that there were reasonable grounds for this appeal only as to the first, second, and third assignments of error. The Court finds that there were not reasonable grounds for this appeal as to the fourth, fifth, and sixth assignments of error.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT, CARR, J., WHITMORE, J., CONCUR.