OPINION
{¶ 1} Appellant, Daniel Moshos, divorced Gabrielle Moshos in1998.[1] They have two minor children. The original divorcedecree allowed shared parenting. Gabrielle subsequently remarriedand moved to California. In October, 2002, she was diagnosed withHodgkin's Lymphoma. Gabrielle underwent chemotherapy andradiation treatments and was unable to work throughout the periodrelevant to this appeal.
 {¶ 2} On March 5, 2003, Gabrielle moved the Court of CommonPleas, Domestic Relations Division, to establish a visitationschedule and modify her child support obligations. The courtawarded Gabrielle unsupervised visitation over Thanksgivingholidays and for two weeks during the children's summer vacationfrom school. The court considered all sixteen factors identifiedin the statute governing parental visitation, R.C. 3109.051(D),and Gabrielle's illness and inability to work, and ordered Danielto "pay all costs for the children's transportation" for thesummer visits. Daniel filed a timely appeal.
 ASSIGNMENT OF ERROR {¶ 3} "The trial court erred by ordering defendant/appellantto pay all costs of transportation for plaintiff/appellee'sparenting time in the State of California."
 {¶ 4} We recognize that the underlying issue in Daniel'sappeal is the financial burden of transporting the children fortheir summer visitation. The thrust of Daniel's argument is thatthe court's order is ambiguous, unreasonable and arbitrary, andamounts to a "blank check" for Gabrielle, allowing her to forcehim to pay the costs of transporting the children anywhere in theworld.
 {¶ 5} We review an unambiguous court order for abuse ofdiscretion. See Peters v. Peters (February 23, 2001),Montgomery App. No. 18445. Whether an ambiguity exists is amatter of law determined by this court. Id. "Abuse ofdiscretion means more than just an error of law or judgement; itimplies that the court's attitude is unreasonable, arbitrary, orunconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 6} There is no ambiguity in the court's order that Daniel"pay all costs for the children's transportation." The ordercannot be reasonably read to require Daniel to pay transportationcosts for the children to vacation in Europe or Mexico or anyother exotic location, as he contends. The order imposes a dutyon Daniel to provide airfare and associated ground transportationfor two weeks in the summer for the children to visit withGabrielle at her home in California. In discharging that duty,Daniel may choose the modes of transportation used, giving himsome control over the costs. If Gabrielle's residence changes soas to impose an unreasonable burden, Daniel may move the court tomodify the order under its continuing enforcement authority.
 {¶ 7} Furthermore, the court order says nothing about costsfor Thanksgiving visitations. While Gabrielle clearly has theright to unsupervised visitation over the Thanksgiving holiday,Daniel is not required to pay transportation costs if Gabrielledesires to bring them to California.
 {¶ 8} Daniel also argues that the court abused its discretionby imposing an additional financial burden upon him whileeliminating Gabrielle's obligation to pay child support. Hecontends that the court failed to apply R.C. 3119.23(D) and (H),which allow a court to consider "extended times of visitation orextraordinary costs associated with visitation" and "benefitsthat either parent receives from remarriage," in his favor in itsanalysis. However, R.C. 3119.23 concerns deviations from childsupport obligations the court imposes. Here, the court relievedDanielle of her child support obligation. Therefore, thosematters which pertain to deviations are inapplicable. Daniel doesnot appeal the court's elimination of Gabrielle's child supportobligation.
 {¶ 9} Finally, Gabrielle argues that Daniel's appeal isfrivolous and, under App. R. 23, we should allow her to recovercosts, including attorney fees, incurred while defending thisappeal. We have held that a frivolous appeal is one that presentsno reasonable question for review.
 E.g. Danis Montco Landfill Co. v. Jefferson Twp. ZoningComm. (1993), 85 Ohio App.3d 494. Daniel raises a reasonablequestion of whether the court abused its discretion in requiringhim to pay transportation costs. His appeal is not frivolous ascontemplated by App. R. 23 and costs will not be granted.
 {¶ 10} We find that the trial court's analysis was notunreasonable or arbitrary and it did not abuse its discretionwhen it ordered Daniel to pay the costs of transporting thecouple's minor children on their annual summer visitation atGabrielle's home in California. Blakemore, supra.
 {¶ 11} The assignment of error is overruled.
 Fain, P.J. and Walsh, J. concurs.
 Hon. James E. Walsh, Court of Appeals, Twelfth AppellateDistrict, sitting by assignment of the Chief Justice of theSupreme Court of Ohio.
[1] For convenience, the parties will be identified by their first names.