[Cite as *Latz v. Latz*, 2023-Ohio-3215.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

KENNETH T. LATZ,

        Plaintiff-Appellee,

    - vs -

ANDREA LATZ,

        Defendant-Appellee,

(ANNA M. PARISE,

        Appellant).

**CASE NO. 2022-G-0026**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2018 DC 000006

## O P I N I O N

Decided: September 11, 2023
Judgment: Reversed and remanded

*Joseph G. Stafford, Nicole A. Cruz*, and *Kelley R. Tauring*, Stafford Law Co., L.P.A., North Point Tower, 1001 Lakeside Avenue, Suite 1300, Cleveland, OH 44114 (For Plaintiff-Appellee).

*Scott S. Rosenthal*, Rosenthal, Thurman, Lane, LLC, North Point Tower, 1001 Lakeside Avenue, Suite 1720, Cleveland, OH 44114 (For Defendant-Appellee).

*Gary S. Okin*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Appellant).

JOHN J. EKLUND, P.J.

{¶1}    Appellant, Anna Parise, appeals the Geauga County Court of Common Pleas' retaining jurisdiction over the funds Appellees paid to her as guardian ad litem ("GAL") fees and costs. They had paid the fees and costs after the court's magistrate granted Appellant's motion and application for fees and costs. Appellees did not object

to that order. For the following reasons, this appeal is remanded for the trial court to vacate the provision in the divorce decree in which the trial court retained jurisdiction over the funds paid to the GAL.

{¶2} In November 2018, the trial court, by magistrate's order, appointed Appellant as the second GAL for Appellees' children in a divorce action.[1]

{¶3} In January 2022, Appellant moved to withdraw as GAL and the court granted her motion. Appellant then moved for "Final Guardian Ad Litem Costs and Fees." The court, by magistrate's order, granted her motion, explaining that her requested fees were "reasonable." Neither Appellee objected to the magistrate's order granting the motion and they paid the fees.

{¶4} In May 2022, the Latzes agreed to a settlement. The court read the settlement into the record. In the settlement, the parties agreed that the court would retain jurisdiction over the fees paid to Appellant and that "[b]oth parties are seeking recoupment or disgorgement of the funds that have been paid to the Guardian Ad Litem." The June 8, 2022 Judgment Entry of Divorce also ordered that "the Court retains jurisdiction over the funds paid * * * to [Appellant] to determine the reasonableness of her fees."

{¶5} Appellant timely appealed the court's retaining jurisdiction over the funds Appellees paid to her as guardian ad litem ("GAL") fees and costs. Appellees moved to dismiss the appeal, asserting that it was not ripe for review and that Appellant lacked standing to appeal.

{¶6} On January 27, 2023, this court issued a judgment entry denying Appellees' motion to dismiss. We held first that Appellant had standing to bring her appeal. We also

---

1. The first GAL appointed to this case moved to withdraw and the court granted the motion.

Case No. 2022-G-0026

held that the lower court's purported retention of jurisdiction "presents a justiciable controversy ripe for review." There is no need to, nor do we, revisit that prior ruling.

{¶7} In June 2023, Appellees each filed with the trial court a "Notice of Waiver of Claims," in which they waived "any and all claims or potential claims against the former Guardian ad Litem, Anna Parise, as set forth in the judgment entry of divorce journalized on June 8, 2022." Appellee, Kenneth Latz, moved this court to dismiss him from this appeal. We denied that motion. Appellant subsequently moved this court to dismiss her appeal, asserting that this appeal is now moot because Appellees have waived all claims against her. This court denied her motion, holding that this appeal is not moot because at issue is whether the trial court erred in retaining jurisdiction over the funds paid to Appellant and that provision remains part of the June 8, 2022 judgment entry.

{¶8} Assignment of error: "The trial court erred in retaining jurisdiction over guardian ad litem fees of a former guardian ad litem in a judgment entry of divorce which fees had been found to be reasonable, based solely on the agreement of the parties and without explanation or notice to the former guardian ad litem."

{¶9} "It is axiomatic in Ohio domestic relations law that the court granting the divorce or dissolution has continuing jurisdiction to modify that decree in such matters as parental rights, visitation, child support, and, under certain circumstances, spousal support." Sowald & Morganstern, *Baldwin's Ohio Practice, Domestic Relations Law,* Section 24:3 (Dec. 2022). Unlike modification of spousal support, child support, and property division, the reasonableness of GAL fees and costs is not a statutorily identified matter over which a domestic relations court is permitted to retain jurisdiction. *See* R.C. 3105.18(E)(1); R.C. 3119.79; R.C. 3105.171(I). Moreover, "adverse parties may not

3

confer jurisdiction upon a court by mutual consent, where none would otherwise exist." *Kaydo v. Kaydo*, 11th Dist. No. 2002-L-021, 2022-Ohio-4055, ¶ 32, citing *Beatrice Foods Co. v. Porterfield*, 30 Ohio St.2d 50, 282 N.E.2d 355 (1972), paragraph two of the syllabus. Thus, the trial court lacked statutory authority to retain jurisdiction over the reasonableness of the GAL fees and costs.

{¶10} This conclusion is notwithstanding that the GAL fees were approved pursuant to a magistrate's order the trial court did not expressly adopt. "[A] magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." Civ.R. 53(D)(2)(a)(i). "[A] magistrate's order requires trial court approval if it disposes of a party's claim." *Walsh v. Walsh*, 11th Dist. Ashtabula No. 2020-A-0050, 2020-Ohio-6998, ¶ 5. Prior to judicial approval, however, "it remains an interlocutory order and may be reconsidered upon the court's own motion or that of a party." *Id*. at ¶ 7. "In general, a temporary or interlocutory order pertaining to a domestic relations case will merge into the final decree of divorce." *Zamos v. Zamos*, 11th Dist. Portage No. 2006-P-0039, 2006-Ohio-6497, ¶ 15. In this case, the magistrate's order granting the GAL fees and costs (and finding them reasonable) merged into the final divorce decree.

{¶11} Finally, by the time the trial court purported to "retain jurisdiction over the funds," the magistrate had granted Appellant's motion to withdraw from the case and her application for fees and costs. Appellant no longer had any duties related to the case, and Appellees had made final payment to her. There was nothing for the court to *retain* jurisdiction over. So, this is not the circumstance in which a trial court in a divorce decree may "retain jurisdiction over funds."

4

{¶12} Appellant's assignment of error is with merit.

{¶13} The judgment of the Geauga County Court of Common Pleas is reversed and remanded with instructions for the trial court to vacate the provision in the divorce decree purporting to retain jurisdiction over the funds paid to the GAL as fees and costs.

MATT LYNCH, J., concurs,

MARY JANE TRAPP, J., concurs with a Concurring Opinion.

_____

MARY JANE TRAPP, J., concurs with a Concurring Opinion.

{¶14} Because the majority of this court chose to forge ahead with an appeal that the appellant, Ms. Parise, sought to dismiss, and both appellees have filed notices that they have waived any claims against Ms. Parise that were the subject of this appeal, I write separately to caution against deciding cases that an appellant wants to abandon. It sets a bad precedent that may in some cases interfere with the parties' decision to settle and that puts us on a slippery slope toward issuing advisory opinions.

{¶15} As I wrote in my dissent to the majority's judgment entry overruling Ms. Parise's motion to dismiss her appeal, while this court may disagree with the stated basis of her motion, i.e., mootness, she is the appellant and wants to abandon her appeal. *See Kuntz v. Dir. of Ohio, EPA*, 2d Dist. Montgomery No. 16429, 1998 WL 892107, *4 (Aug. 21, 1998); *State v. Gray*, 12th Dist. Clermont Nos. CA2010-01-006 and CA2010-04-024, 2010-Ohio-4949, ¶ 30 (noting that an appellant "controls his own appeal"). While I concurred in this court's January 27, 2023, judgment overruling the motion to dismiss filed

5

by appellee, Mr. Latz, I saw no compelling reason to force the appellant, Ms. Parise, to continue her appeal; thus, I dissented from this court's decision to overrule Ms. Parise's motion to dismiss her appeal.

{¶16} App.R. 12 governs an appellate court's "determination and judgment on appeal." It provides, in relevant part, "*On an undismissed appeal* from a trial court, a court of appeals shall * * * [r]eview and affirm, modify, or reverse the judgment or final order appealed[.]" (Emphasis added.) App.R. 12(A)(1)(a).

{¶17} App.R. 28 governs "voluntary dismissal." It provides:

{¶18} "If the parties to an appeal or other proceeding shall sign and file with the clerk of the court of appeals an agreement that the proceedings be dismissed and shall pay whatever costs are due, the court shall order the case dismissed.

{¶19} "An appeal may be dismissed on motion of the appellant *upon such terms as may be fixed by the court.*" (Emphasis added.)

{¶20} App.R. 28 derives from Rule 42 of the Federal Rules of Appellate Procedure. *Danis Montco Landfill Co. v. Jefferson Twp. Zoning Comm.*, 85 Ohio App.3d 494, 497, 620 N.E.2d 140 (2d Dist.1993), citing Koykka, *Ohio Appellate Process* 138 (1972). Motions for voluntary dismissal under Fed.R.App.P. 42 "are generally granted, but may be denied in the interest of justice or fairness." *Am. Auto. Mfrs. Assn. v. Commr., Massachusetts Dept. of Environmental Protection*, 31 F.3d 18, 22 (1st Cir.1994); *see Shellman v. United States Lines, Inc.*, 528 F.2d 675, 678 (9th Cir.1975) ("circumstances may arise which demand, in the interests of justice, that this court deny appellant's motion to voluntarily dismiss").

6

Case No. 2022-G-0026

{¶21} The Second District applied the foregoing principle in the context of App.R. 28. In *Danis Montco*, the appellees filed a motion to dismiss the appellants' appeal as frivolous and for an award of reasonable attorney fees and expenses pursuant to App.R. 23. *Id.* at 497. The appellants filed a motion to voluntarily dismiss their appeal pursuant to App.R. 28. *Id.* The court determined it was necessary to reach the merits of the appellants' appeal in order to determine whether they should be sanctioned. *Id.* at 498. Therefore, the court denied the appellants' motion in the interests of justice. *Id.*

{¶22} Here, the parties did not file a joint motion to dismiss; however, their only disagreement involves the allocation of costs. Since the interests of justice and fairness are not implicated, our resolution of this case should be limited to allocating costs. App.R. 24(A)(1) provides, "Except as otherwise provided by law or as the court may order, the party liable for costs is as follows:  * * * If an appeal is dismissed, the appellant or as agreed by the parties." Without an agreement as to costs, Ms. Parise's motion to dismiss her appeal should have been granted at her costs.

{¶23} But inasmuch as this court has decided to consider the merits of her appeal, I do concur in the judgment and opinion because the trial court lacked any statutory authority to retain jurisdiction over the reasonableness of the guardian ad litem's fees.

7